[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

No. 06-13618
Non-Argument Calendar

_____

D. C. Docket No. 05-00278-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STUART MANLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 11, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Stuart Manley appeals his 360-month sentence imposed after he pled guilty

to child pornography charges.  On appeal, Manley argues that the district court

(1) erred in calculating his advisory guidelines range; and (2) imposed an unreasonable sentence. After review, we affirm.

## I. BACKGROUND

On May 6, 2005, Defendant Manley contacted an undercover FBI Cyber Crime/Innocent Images Task Force Agent ("UCA") in an America Online chat room. The UCA was posing as a 33-year-old female with a 12-year-old daughter. Through a series of online chats, Manley expressed his desire to engage in sexual activity with both the UCA and her daughter and advised that the UCA also could have sex with Manley's 12-year-old son.[1] Manley sent the UCA multiple emails containing images of child pornography, including some images of Manley's son with his penis exposed.

Manley, who resided in Texas, arranged to meet the UCA and her daughter on May 20, 2005, at a restaurant near Atlanta, Georgia. Manley was arrested by FBI Agents at the restaurant without incident. A subsequent search of Manley's hotel room resulted in the seizure of several items, including a laptop computer, two "thumb drives," and several items associated with sexual activity. It was later determined that Manley's laptop computer and one of the thumb drives contained a

---

[1]Although Manley reported to the UCA that his son was 12 years old, it was later determined that Manley's son was born on August 10, 1993, and therefore, was only 11 years old at the time of the offense in May 2005.

total of 401 images of child pornography, including some images of Manley's son.

A federal grand jury returned a three-count indictment, charging Manley with (1) using a means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); (2) transporting child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1); and (3) distributing child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A). Manley pled guilty without a plea agreement.

The presentence investigation report ("PSI") recommended a base offense level of 32, pursuant to U.S.S.G. § 2G2.1(a). The PSI also recommended the following enhancements to Manley's base offense level: (1) 4 levels, pursuant to § 2G2.1(b)(1)(A), because the offense involved a minor who had not attained the age of twelve years; (2) 2 levels, pursuant to § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual act or sexual contact; (3) 2 levels, pursuant to § 2G2.1(b)(3), because the offense involved distribution; (4) 4 levels, pursuant to § 2G2.1(b)(4), because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; (5) 2 levels, pursuant to § 2G2.1(b)(5), because Manley was the parent of a minor involved in the offense; and (6) 2 levels, pursuant to § 2G2.1(b)(6)(B), because Manley used a computer to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

After application of these various specific offense characteristics, Manley's adjusted offense level was 48. The PSI then recommended that Manley's offense level be (1) reduced by 3 levels, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility; and (2) enhanced by 5 levels, pursuant to U.S.S.G. § 4B1.5(b), because Manley was considered a repeat and dangerous sex offender against minors under the Sentencing Guidelines. Accordingly, Manley's total offense level was 50.

The PSI also concluded that Manley had a total of 11 criminal history points, including 2 points for committing the instant offense while Manley was on parole, resulting in a criminal history category of V. With a total offense level of 50 and a criminal history category of V, Manley's advisory guidelines range was life imprisonment.[2] However, the combined statutory maximum sentence for Manley's three counts of conviction was 70 years' imprisonment; thus Manley's advisory guidelines sentence also was 70 years, or 840 months. See U.S.S.G. § 5G1.1(a).

At sentencing, Manley raised several objections to the PSI. In relevant part, Manley objected to (1) the 4-level enhancement that was based on his offense involving images that portray sadistic or masochistic conduct; and (2) the 2-point

---

[2]Because Manley's total offense level was more than 43, it was treated as an offense level of 43 for purposes of determining his advisory guidelines range. See U.S.S.G. ch. 5, pt. A, cmt. n.2.

4

increase to his criminal history score for committing the instant offense while on parole. The district court overruled these objections. In accordance with the PSI, the district court determined that Manley had a total offense level of 50, a criminal history category of V, and a maximum punishment of 70 years' or 840 months' imprisonment.

Manley then raised the following matters for the district court's consideration in determining an appropriate sentence: (1) the conditions of Manley's pre-trial confinement, because he was kept in a United States Penitentiary as opposed to a local or regional jail, and therefore, subjected to harsher conditions than most pre-trial defendants; (2) the fact that Manley was 64 years old and that prison will be hard and have a "more significant impact" on him because of his age; and (3) that Manley should be sent to a facility where he can get treatment instead of being placed in a traditional incarceration setting.

In response, the government argued that Manley's statement of apology was "disingenuous," and that the statutory maximum sentence of 70 years' imprisonment was appropriate given the seriousness of the offense, the need for deterrence, and the need to protect society from further crimes.

In deciding what punishment to impose, the district court commented that Manley had a predisposition to certain urges that could not be healed adequately by

mental health treatment and, given his age, did not appear to diminish with the passage of time. The district court stated, therefore, that "incapacitation drives the sentence," and that "Manley can't be allowed out under conditions that he might present a threat to children." The district court noted, however, that "[a]s a practical matter, any substantial sentence will amount to a life sentence," and that imposing an 840-month sentence would look like "grandstanding" and could cast a bad light on the judicial system. Finally, the district court noted that the victims of Manley's abuse were seeking retribution, and that Manley's sentence could provide a general deterrence effect. Accordingly, the district court sentenced Manley to 360 months' imprisonment on Count One and 240 months' imprisonment on Counts Two and Three, all to run concurrently, as well as 10 years' supervised release.

Manley now appeals his sentence.

## II. DISCUSSION

On appeal, Manley argues that the district court erred by (1) applying a 4-level enhancement to his offense level based on its finding that his offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; (2) adding 2 points to his criminal history score for committing the instant offense while on parole; and (3) imposing an unreasonable sentence.

6

We need not address Manley's first two arguments because, even assuming arguendo that the district court erred in the two calculations in issue, any such error was harmless. Even without the 4-level enhancement for material that portrays sadistic or masochistic conduct and the 2 criminal history points, Manley still would have had a total offense level of 46 and a criminal history category of IV, which would have resulted in the same advisory guidelines sentence – life imprisonment, reduced to 840 months' imprisonment on account of the applicable statutory maximum. Therefore, the district court's guidelines calculations as to these two issues, even if erroneous, did not affect Manley's substantial rights and would not require a reversal. See Fed. R. Crim. P. 52(a).

As for Manley's final argument, after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although the district court must consider the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances

falling within § 3553(a)'s factors will suffice.  Talley, 431 F.3d at 786; Scott, 426

F.3d at 1329-30.

After review, we conclude that Manley has not shown that his 360-month

sentence is unreasonable.[3]  The district court correctly determined that Manley's

advisory guidelines sentence was 840 months' imprisonment, but nevertheless

sentenced him to 360 months' imprisonment, a substantial amount below the

guidelines sentence.  Furthermore, although the district court did not, and was not

required to, discuss each § 3553(a) factor, the record clearly indicates that the

district court considered several facts and circumstances falling within § 3553(a)'s

factors, including (1) Manley's age and the fact that his deviant urges have not

diminished with the passage of time, 18 U.S.C. § 3553(a)(1); (2) the need for the

sentence to protect the public from further crimes through the incapacitation of

Manley, id. § 3553(a)(2)(C); (3) the need for the sentence to provide just

punishment for the offense, including providing retribution for Manley's victims,

id. § 3553(a)(2)(A); and (4) the need for the sentence to provide adequate

deterrence, id. § 3553(a)(2)(B).  Moreover, by sentencing Manley below the

---

[3]We review the defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors.  United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006).  This "[r]eview for reasonableness is deferential," and the party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  Talley, 431 F.3d at 788.

recommended guidelines sentence, the district court not only took into account the Sentencing Guidelines, id. § 3553(a)(4), but also the need for the sentence to promote respect for the law, id. § 3553(a)(2)(A). Under the facts and circumstances of this case, Manley has failed to show that his 360-month sentence is unreasonable.

**AFFIRMED.**